UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY NELSON NUNEZ, | ) | 1:06-cv-01545-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION TO |
| | ) | GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS AS MOOT (Doc. 4) |
| JEFF WRIGLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

The instant petition was filed on November 2, 2006. (Doc. 1). The petition contends that Petitioner is in the custody of the Bureau of Prisons ("BOP") but that the BOP "by regulation refuses to assess him under 18 U.S.C. § 3621(b) to determine if he is eligible for six (6) months of pre-released placements at a Community Corrections Center...." (Doc. 1, p. 1).[1] Petitioner contends that, by regulation, the BOP "does not grant more than 10% of an overall term of imprisonment to be served in a CCC even though Federal law allows BOP to designate inmates to CCC facilities for a period of up to six (6) months." (Id. at p. 2). Petitioner seeks an order from the Court directed to BOP that Respondent "immediately in good faith" assess Petitioner "based upon the criteria in 18 U.S.C. § 3621(b), without reference to BOP policy promulgated in December 2002 and without

---

[1] Originally, these centers were called Community Corrections Centers ("CCC's"), the term Petitioner uses in his petition. However, these centers are now called "residential re-entry centers" or "RRC's." Therefore, the Court will refer to them as RRC's.

reference to 28 C.F.R. § 570.21 to determine Petitioner's duration of placement in a pre-release CCC." (Id. at p. 3).

On January 5, 2007, Respondent filed the instant motion to dismiss, alleging that Respondent had conducted a re-evaluation of Petitioner's release date to RRC, without reference to the challenged regulations, that the relief Petitioner had requested had been afforded to him, and therefore the petition was now moot. (Doc. 4, p. 2). Respondent states, "The BOP has evaluated petitioner 'without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies.'" (Id.). As a result of this evaluation, the BOP determined Petitioner is to spend "30-90 days in a Residential Re-entry Center before his release." (Id.). In the motion to dismiss, Respondent has provided a copy of the completed form entitled, "Institutional Referral for CCC Placement." (Doc. 4, Exh. 3, p. 2). According to the form, Petitioner was evaluated on December 6, 2006. (Id.).

## JURISDICTION

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of

habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

In this case, Petitioner alleges that BOP's policy limiting placement in an RRC to ten percent of his sentence violates federal law. Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. § 2241. In addition, because Petitioner is incarcerated at the Taft Correctional Institution, Taft, California, which is within the Eastern District of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

## EXHAUSTION

A preliminary question is whether petitioner has exhausted available administrative remedies. Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.3d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

The exhaustion prerequisite for filing a § 2241 petition is judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.; McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992), superceded on other grounds, 42 U.S.C. §1997(e).

One of the purposes of administrative exhaustion is to allow the agency an opportunity to remedy its own mistakes before being haled into court, and this applies with particular force when the challenged action involves an exercise of the agency's discretionary power. McCarthy v. Madigan, 503 U.S. at 145. Thus, exhaustion of administrative remedies would be futile and should be excused if the agency lacks authority to grant the requested relief or has predetermined the issued before it. Id. at 148.

E. D. California

3

Here, Petitioner has not indicated that he has undertaken any efforts to exhaust his administrative remedies. Respondent has not raised the issue. As mentioned, however, futility is an exception to the exhaustion requirement. Laing v. Ashcroft, 370 F.3d 994, 1000-1001 (9th Cir. 2004). In the instant action, it is apparent that it would be futile for Petitioner to exhaust his administrative remedies because he alleges he is being denied a RRC placement prior to the last ten percent of his prison sentence based on formally-adopted BOP regulations, the validity of which BOP strenuously maintains. In the Court's view, therefore, Petitioner's exhaustion of his administrative remedies is not a pre-requisite to the district court's jurisdiction over the case because of the BOP's intractable and immutable policy against the relief sought.

## DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) per curiam.

Here, the instant petition requested an order from this Court directed to the Bureau of Prisons requiring it "to immediately in good faith, assess Petitioner...based upon the criteria in 18 U.S.C. § 3621(b), without reference to BOP policy promulgated in December 2002 and without reference to 28 C.F.R. § 570.12 to determine Petitioner's duration of placement in pre-release CCC." (Doc. 1, p. 3). This appears to be precisely the relief provided by Respondent in its re-evaluation conducted on December 6, 2006. (Doc. 4, p. 2). Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 4), be GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as moot; and

3. The Clerk of Court be DIRECTED to enter judgment.

This Report and Recommendation is submitted to the Honorable Lawrence J. O'Neill, the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2007**               /s/ Theresa A. Goldner
                                       UNITED STATES MAGISTRATE JUDGE